IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01668-MSK-CBS

DAVID HIGHLAND CASSIRER,

    Plaintiff,

v.

SAN MIGUEL COUNTY BOARD OF COUNTY COMMISSIONERS,

    Defendant.

**ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

Magistrate Judge Shaffer

    THIS MATTER comes before court on *pro se* Plaintiff David Cassirer's Motion for Leave to File Third Amended Complaint (doc. # 86), filed on April 8, 2009.  Plaintiff's proposed Third Amended Complaint consists of 61 pages, 200 numbered paragraphs, and nine claims for relief.  According to Mr. Cassirer, "[w]ith this amended Complaint, Plaintiff joins three individual Defendants, in their individual capacities, whom Plaintiff alleges acted under color of law, outside the scope of their employment, and deprived him of federally protected property interests and equal protection under the law."  Defendant San Miguel County Board of County Commissioners filed a Response in Opposition (doc. # 92) on April 28, 2009, arguing that the pending motion should be denied based upon futility, lack of good cause and prejudice to Defendant.  Mr. Cassirer filed a Reply to Defendant's Response (doc. # 99) on May 18, 2009. By Memorandum (doc. # 88), the pending Motion for Leave to File Third Amended Complaint

was referred to this Magistrate Judge on April 9, 2009.

As of the date of this Order, Plaintiff's Second Amended Complaint (doc. # 70) is the operative pleading in this case. That pleading, accepted for filing on February 19, 2009 (doc. # 69), asserts claims only against Defendant San Miguel County Board of County Commissioners. The Second Amended Complaint alleges claims for: (1) "Due Process and Equal Protection Violations of the Fifth and Fourteenth Amendments;" (2) "Violations of 42 U.S.C. § 1983; (3) "Violations of 42 U.S.C. § 1985(3): Conspiracy to Interfere with Civil Rights;" (4) "Violations of 42 U.S.C. § 1986: Neglect to Prevent;" (5) "U.S.C. § 1988;" (6) "Violations of the Colorado Constitution;" (7) "Violations of Colorado State Statutes;" (8) "Mutual Mistake of Contract; Lack of Consideration;" and (9) "Undue Influence, Coercion, Duress, Misrepresentation, Unjust Enrichment, Breach of Implied Covenant of Good Faith and Fair Dealing." Mr. Cassirer previously filed a Motion to Amend Complaint to Join Additional Defendants (doc. # 54) on December 22, 2008, but asked to withdraw that motion during a telephone status conference on January 30, 2009. The pending motion apparently seeks to join the same three individuals referenced in the putative amended complaint withdrawn on January 30, 2009.

With briefing on the pending motion now complete, the posture of the litigation has taken a new tack with the filing of Mr. Cassirer's Motion for Summary Judgment (doc. # 102) on January 4, 2009. This motion under Fed.R.Civ.P. 56 "respectfully asks this Court for summary judgment on the 1st, 2nd, 5th, 6th, 7th, 8th and 9th Claims for Relief set forth in [Plaintiff's] 2nd Amended Complaint, and for dismissal of Defendant San Miguel County's Counterclaims as set forth in it original Answer and Counterclaims filed with this Court on August 8, 2008, and as incorporated by reference in Defendant's subsequent Answers."

Plaintiff Cassirer's latest motion to amend requires the court to balance competing considerations.  The underlying purpose of Fed.R.Civ.P. 15(a) is to facilitate a decision on the merits.  *Bob Marshall Alliance v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (noting that the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities").  A motion to amend must be left to the sound discretion of the court, and must be decided based upon a careful evaluation of multiple factors.  *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).  There is no absolute right to repeatedly amend a complaint, and in exercising its discretion under Rule 15(a), the court will be guided by considerations of efficiency.

It also bears noting that an amended complaint automatically supersedes the prior operative pleading which thereafter is treated as non-existent.  *See, e.g., International Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977); *Buck v. New York Central Railroad*, 275 F.2d 292, 293 (7th Cir. 1960); *Datastorm Technologies, Inc. v. Excalibur Communications, Inc.*, 888 F. Supp. 112, 114 (N.D. Cal. 1995).  If the court were to grant Plaintiff's Motion for Leave to File Third Amended Complaint, I would render moot Plaintiff's Motion for Summary Judgment.  The latter motion consists of 60 pages of legal and factual argument, together with five exhibits.  I will presume that Mr. Cassirer filed this motion after due deliberation and with every intention to obtain a ruling on the arguments raised therein.  Defendant has challenged the legal sufficiency of the Second Amended Complaint with a Motion to Dismiss (doc. # 73) filed on March 12, 2009, and filed its own Motion for Summary Judgment (doc. # 101) on May 29,

3

2009.[1]  Granting Plaintiff's latest Motion for Leave to File Third Amended Complaint would also moot those motions.

Under the circumstances, I conclude that efficient management of this case would not be advanced by granting the Motion for Leave to File Third Amended Complaint at this time.  To the contrary, a favorable ruling on the pending motion under Fed.R.Civ.P. 15(a) would simply negate the parties' extensive briefing on the pending dispositive motions.  Accordingly, Plaintiff's Motion for Leave to File Third Amended Complaint is DENIED WITHOUT PREJUDICE.  Plaintiff Cassirer may renew his request to amend, if appropriate, after the pending dispositive motions are decided.

DATED this 5th day of June, 2009.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

---

[1] Defendant's Motion for Summary Judgment consists of 20 pages and 23 exhibits.